[Cite as *State v. Bradley*, 2015-Ohio-395.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                        Court of Appeals No. E-13-013

        Appellee                                  Trial Court No. 2011-CR-386

v.

Lutricia Bradley                                     **DECISION AND JUDGMENT**

        Appellant                                 Decided:  January 30, 2015

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, Mary Ann
Barylski and Frank Romeo Zeleznikar, Assistant Prosecuting
Attorneys, for appellee.

Loretta Riddle, for appellant.

* * * * *

**JENSEN, J.**

{¶ 1} Following a jury trial, defendant-appellant, Lutricia Bradley, appeals from

the February 28, 2013 judgment of the Erie County Court of Common Pleas (corrected

by nunc pro tunc entry on March 5, 2013), sentencing her following her convictions of

possession of crack cocaine, tampering with evidence, permitting drug abuse, and

interference with forfeitable property. For the reasons that follow, we find Bradley's first assignment of error not well-taken, but we reverse and remand this matter to the trial court consistent with our decision in *State v. Young,* 6th Dist. Erie No. E-13-011, 2015-Ohio---, released contemporaneously with this decision. Accordingly, we need not address Bradley's second assignment of error.

## I. Background

{¶ 2} On June 4, 2011, the U.S. Customs and Border Protection agency received information from a confidential informant ("CI") that Bradley's son, James M. Young, and Anthony Henson would be cooking crack cocaine at Bradley's home, 508 East Jefferson Street, in Sandusky, Ohio, and would then travel to Farwell Street with an ounce or two of crack cocaine. A border patrol agent worked with Sergeant Danny Lewis, of the Sandusky police department, to monitor Young and Henson. When Young and Henson left the East Jefferson Street apartment in a black Hummer, Lewis followed and pulled Young over for an obstructed license plates violation. Lewis called for the K-9 unit, which arrived approximately 25 minutes after he initiated the stop. The drug-detection dog alerted to the presence of drugs and Henson handed over a plastic baggie of suspected crack cocaine packaged in a cupcake wrapper. Lewis searched the vehicle but found no other drugs or contraband. He arrested Henson. He also arrested Young for permitting drug use.

{¶ 3} Lewis left the place of the stop and returned to East Jefferson Street to secure the residence. He and other officers went to the door and knocked twice. Lewis

2.

claims he heard footsteps and running water and heard someone say "it's the police." Allegedly concerned that evidence was being destroyed, he and the other officers forced entry into the home with guns drawn. Inside the home, Lewis allegedly saw Bradley shoving suspected crack cocaine down the kitchen sink with a butter knife. He ordered Bradley and three others who were in the home to sit at the kitchen table. He asked Bradley for permission to search the home, but she refused.

{¶ 4} Lewis and Lieutenant John Orzech, also of the Sandusky police department, left to obtain a search warrant while other officers and border patrol agents stayed with Bradley and the other occupants. Orzech took the warrant application to a judge while Lewis returned to the residence. After obtaining confirmation that the warrant was signed, Lewis and the other officers began searching the home. They found crack cocaine, cocaine, cupcake wrappers, spoons, a thermometer, a scale, a razor blade with residue, a round of ammunition, cash, jewelry, watches, and several guns. They also found various mail, pictures, and other documents linking Young to the home. None of these items were found in Bradley's bedroom.

{¶ 5} Young was indicted on ten counts of having weapons under disability, permitting drug abuse, complicity to commit trafficking in crack cocaine, possession of cocaine, and, later, complicity to commit interference with forfeitable property. Bradley was charged with possession of crack cocaine, under R.C. 2925.11, tampering with evidence, under R.C. 2921.12, permitting drug abuse, under R.C. 2925.13, and later, after

3.

allegedly attempting to transfer title to the Hummer to Young, interference with forfeitable property, under R.C. 2981.07.

{¶ 6} In a motion dated October 13, 2011, Young moved the court to suppress evidence and to suppress his arrest. He claimed that the state lacked reasonable articulable suspicion for the traffic stop, that he was unlawfully detained pending arrival of the K-9 unit, that the state lacked probable cause to obtain the warrant to search his home, that there did not exist exigent circumstances to justify the warrantless entry into the residence, and that there was no probable cause for his arrest. Bradley also filed a motion to suppress based on the warrantless entry into her home. The trial court denied both motions.

{¶ 7} In an order dated May 29, 2012, the trial court granted a motion by the state to consolidate Bradley's and Young's trials. The matter proceeded to a jury trial and the jury convicted Bradley and Young of all charges. Young was sentenced to a net prison term of 96 months. He timely appealed. Bradley was sentenced to five years' community control. In her timely-filed appeal, she assigns the following errors for our review:

ASSIGNMENT OF ERROR NO. I

THE TRIAL COURT ERRED AND PREJUDICED APPELLANT WHEN IT CONSOLIDATED THE TRIALS OF CO-DEFENDANTS.

4.

ASSIGNMENT OF ERROR NO. II

MS. BRADLEY'S CONVICTIONS FOR PERMITTING DRUG ABUSE IN THE HUMMER AND ABUSE AND INTERFERENCE WITH FORFEITABLE PROPERTY BY TRANSFERRING TITLE TO THE HUMMER TO HER CO-DEFENDANT ARE NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE.

## II.  Law and Analysis

{¶ 8} We begin by addressing Bradley's first assignment of error.  Bradley's counsel failed to object to the state's request to consolidate the trials of the two cases, therefore, we review her assignment of error under a plain error standard.  *State v. Dixon*, 3d Dist. Logan No. 8-02-44, 2003-Ohio-2547, ¶ 8.  To constitute plain error under Crim.R. 52(B), there must be a deviation from a legal rule, resulting in an obvious defect in the trial proceedings, which affects a defendant's substantial rights.  *Id.*  Crim.R. 52(B) is to be invoked "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."  *State v. Landrum,* 53 Ohio St.3d 107, 111, 559 N.E.2d 710 (1990).  The burden is upon the defendant to demonstrate plain error. *State v. Renfroe,* 6th Dist. Lucas No. L-12-1146, 2013-Ohio-5179, ¶ 18.

{¶ 9} Under Crim.R. 13, a trial court may consolidate the trials of defendants who have been or could have been joined in a single indictment.  *Dixon* at ¶ 9.  Crim.R. 8(B) permits the state to join multiple defendants in a single indictment if they participated in the same act or transaction or in the same course of criminal conduct.  *Id.*  Joinder is

5.

generally favored because it "conserves judicial and prosecutorial time, lessens the not inconsiderable expenses of multiple trials, diminishes inconvenience to witnesses, and minimizes the possibility of incongruous results in successive trials before different juries." *Id.,* quoting *State v. Thomas*, 61 Ohio St.2d 223, 225, 400 N.E.2d 401 (1980). Joinder may not be permissible, however, if it will cause substantial prejudice to the right of a defendant to a fair trial. *Id.* at ¶ 10, citing *Bruton v. United States*, 391 U.S. 123, 131-132, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). To that end, Crim.R. 14 provides that "[i]f it appears that a defendant or the state is prejudiced by a joinder of * * * defendants * * * for trial together, * * * the court shall * * * grant a severance of defendants, or provide such other relief as justice requires." Whether to try two cases separately or jointly is within the discretion of the trial court. *State v. Thompson*, 127 Ohio App.3d 511, 523, 713 N.E.2d 456 (8th Dist.1998).

{¶ 10} Bradley's only argument opposing joinder is that evidence that weapons were found would not have been admitted had Bradley been tried separately and, "[a]s such, there was an unfair cumulation of evidence and the inference of a criminal disposition that would not have existed if Ms. Bradley was tried separately." The state counters that evidence about the firearms was never used to implicate Bradley in wrongdoing and was used solely to prove the charges against Young, thus there was no prejudice to Bradley.

{¶ 11} We agree with the state and we find that it was not plain error for the court to consolidate Bradley's and Young's cases for trial purposes. The guns at issue,

6.

although found in Bradley's home, were never alleged by the state to belong to her. Moreover, the charges against Bradley stemmed from a course of events that started with the investigation into the tip provided by the CI that Young was cooking crack cocaine at the residence, and culminated with officers eventually forcing their way into the home to find Bradley allegedly shoving crack cocaine down the sink. The same witnesses were needed in both trials and the events were part of the same transaction and occurred within the same course of criminal conduct.

{¶ 12} We, therefore, find Bradley's first assignment of error not well-taken. We nevertheless reverse the judgment of the trial court because we find that both Young's and Bradley's motions to suppress should have been granted.

{¶ 13} In our decision on Young's appeal, *Young,* 6th Dist. Erie No. E-13-011, 2015-Ohio---, released on the same date as the present decision, we found that Young was impermissibly detained pending arrival of the K-9 unit, that there was no probable cause to arrest him, that the warrantless entry into the home was improper, and that the affidavit for search warrant did not establish probable cause and was, therefore, wrongfully issued. Although not raised by Bradley as an issue on appeal, "[u]nder App.R. 12(A), a court of appeals is not *required* to consider issues not argued in the briefs; however, App.R. 12(A) does not *prohibit* it from doing so in the exercise of its sound discretion." *State v. Derov*, 7th Dist. Mahoning No. 07MA71, 2009-Ohio-5513, ¶ 12-13, quoting *Chemical Bank of New York v. Neman*, 52 Ohio St.3d 204, 207, 556 N.E.2d 490 (1990). A plain error analysis is applied under such circumstances. *Id.*

7.

**{¶ 14}** Here, we exercise our discretion and, in the interests of justice, we sua sponte address the trial court's denial of Bradley's motion to suppress. For the reasons fully set forth in *Young,* we find that it was plain error for the trial court to deny Young's and Bradley's motions to suppress and that no good faith exception applies to prevent the exclusion of evidence obtained through the unlawful searches and seizures. *See also Derov.* In light of this decision, we need not address Bradley's second assignment of error.

### III. Conclusion

**{¶ 15}** We find Bradley's first assignment of error not well-taken, and need not address her second assignment of error because we sua sponte find that her motion to suppress should have been granted consistent with our decision in *Young*. We reverse the January 29, 2013 judgment of the Erie County Court of Common Pleas denying her motion to suppress, as well as the February 28, 2013 and March 5, 2013 judgments of her conviction and sentence, and we remand this matter to the trial court for proceedings consistent with this decision. The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments reversed.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.            _____
                                                           JUDGE

Arlene Singer, J.

James D. Jensen, J.              _____
CONCUR.                                                  JUDGE

                                                _____
                                                     JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.